IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LUTHER STEVEN MONTGOMERY, JR.,  )  <br> ) <br> Plaintiff,  ) <br> ) <br> vs.  ) <br> ) <br> CODY P. DANIELS, *et al.*,  ) <br> ) <br> Defendants.  ) | CIV. A. NO.: 23-00479-TFM-C |

### REPORT AND RECOMMENDATION

Plaintiff Luther Steven Montgomery, Jr., proceeding without a lawyer, filed a complaint under 42 U.S.C. § 1983. (Doc. 1). This case was referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(R). (*See* Doc. 3). Upon review of this action's proceedings, it is **RECOMMENDED** that this action be **DISMISSED without prejudice** for Plaintiff's failure to prosecute and to comply with the Court's order.

The Court received Plaintiff's § 1983 complaint with a Motion to Proceed Without Prepayment of Fees. (Doc. 2). In his motion, he failed to provide all of the requested information concerning his past employment, the value of his vehicle, and other financial information. Also, because the motion indicated that his girlfriend provided him with the "necessities of life", the Court informed Plaintiff that information regarding her financial status was also necessary for the Court to determine his ability to pay the filing fee. For these reasons, the Court ordered Plaintiff to refile his motion to proceed without prepayment of fees, on the Court's form and "provid[e] all of his and his girlfriend's financial information," by January 31, 2024. (*See* Doc. 4 at 3, 5). The Court warned Plaintiff that failure to comply with the Court's order by the deadline would result in the dismissal of this action. (*Id*. at 5) The Court further warned Plaintiff

that a failure to notify the Court of a change in address would result in the dismissal of the action. (*Id*.).

On January 24, 2024, Plaintiff filed another motion to proceed without prepayment of fees. (Doc. 5). However, the motion again failed to provide the necessary details for the Court to determine whether Plaintiff was unable to pay the costs of commencing this action. Notably, Plaintiff failed to comply with the Court's order to include information about his girlfriend's financial status, including her monthly income and expenses, the value of assets owned by her, and the amounts of money she has in banks, savings accounts, etc. Consequently, the Court informed Plaintiff that he did not complete the motion form as ordered by the Court. (Doc. 6). Because the Court was still unable to determine what funds (if any) were available to Plaintiff, his motion to proceed without prepayment of fees was denied. (*Id*.). Accordingly, Plaintiff was ordered by the Court to pay the full filing fee of $405.00 to commence this action on or before March 4, 2024. (*Id*. at 3-4). Plaintiff was cautioned that failure to pay the full filing fee by March 4, 2024, would result in the recommendation of dismissal of this action without prejudice for failure to prosecute and to comply with the Court's order. (*Id*. at 4).

To date, Plaintiff has not paid the full filing fee as ordered, nor has he communicated with the Court in any manner.

A "court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order." *Equity Lifestyle Prop., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009). The court's authority to dismiss an action *sua sponte* for lack of prosecution is considered a fundamental power of the court. *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962). Courts are vested with the inherent authority "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630-31.

Moreover, "Rule 41(b) authorizes a district court to dismiss a complaint for failure to prosecute or failure to comply with a court order or the federal rules." *Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017) (internal quotation marks omitted)). *Accord Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005) (recognizing the two sources of a court's authority to *sua sponte* dismiss an action are its inherent powers and Rule 41(b) of the Federal Rules of Civil Procedure).

Because Plaintiff has failed to pay the full filing fee, Plaintiff has failed to comply with the Court's order and failed to prosecute this action. Accordingly, it is recommended that this action be dismissed without prejudice, as no lesser sanction will suffice to address Plaintiff's willful conduct. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (dismissal for disregarding an order after a litigant has been forewarned is generally not an abuse of discretion), *cert. denied*, 493 U.S. 863 (1989); *see Frith v. Curry*, 812 F. App'x 933, 934-35 (11th Cir. 2020) (affirming an action's dismissal when an inmate, who had been warned that failure to comply would result in his action's dismissal for failure to prosecute, did not respond to the court's order and did not pay the partial filing fee even though he filed his signed consent form); *Freeze v. Sec'y, Dep't of Children & Families*, 825 F. App'x 606, 610 (11th Cir. 2020) (affirming the dismissal without prejudice of the complaint for failure to follow court orders to amend his complaint).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule

3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **12th** day of **March, 2024**.

s/WILLIAM E. CASSADY<br>
**UNITED STATES MAGISTRATE JUDGE**